UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PAUL SILVA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 14-273 (RMC) |
| WELLS FARGO BANK, N.A., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**OPINION**

Plaintiff Paul Silva, proceeding *pro se*, filed a Complaint challenging the foreclosure of his property located at 35655 Peppermint Pl., Murrieta, California 92562. *See* Compl. [Dkt. 1]; *id.*, Exs. [Dkt. 1-2] (Note at 3-5; Deed of Trust at 6-20; Notice of Trustee's Sale at 28-29; Trustee's Deed Upon Sale at 30-31).[1] He sued Wells Fargo Bank, N.A.; First American Title Insurance Company; Federal National Mortgage Association; Mortgage Electronic Registration Systems, Inc.; Merscorp Holdings, Inc.; JP Morgan Chase Bank, N.A.; NDEx West LLC; Priority Posting & Publishing, Inc.; Leisa Stubbs; and Does 1 through 20 (collectively, Defendants). The Complaint alleges that: Defendants' foreclosure of the property was "unlawful and ineffective," *see* Compl. ¶ 3; Defendants committed fraud by "concealing the roles of the parties" and "falsely represent[ing] the status of the debt" as due and owing at the time of eviction, *see id.* ¶¶ 43, 45; the foreclosure sale violated Plaintiff's rights under the U.S. Constitution, including the right to due process, *see id.* ¶¶ 67-80; and Defendants should be liable

---

[1] Thirty-five pages of Exhibits were filed with the Complaint. *See* Exs. [Dkt. 1-2]. They are cited here by referring to the page number assigned by the Electronic Case Filing system.

1

for intentional infliction of emotional distress, *see id*. ¶¶ 67, 80.[2] Based on these allegations, Plaintiff seeks money damages and a declaratory judgment reversing the foreclosure. *Id*. ¶¶ 90-95. Because this Court lacks jurisdiction, the case must be dismissed.

Even though *pro se* complaints are construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) and *United States v. Byfield,* 391 F.3d 277, 281 (D.C. Cir. 2004), this Court must have jurisdiction in order to adjudicate a claim. A court can dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and such dismissal may be done *sua sponte* (*i.e*., on the court's own initiative) at any time. Fed. R. Civ. P. 12(h)(3); *see, e.g., Jerez v. Republic of Cuba*, 777 F. Supp. 2d 6, 15 (D.D.C. 2011). When determining whether a case should be dismissed under Rule 12(b)(1), a court reviews the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). Nevertheless, a court "need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006). Further, in deciding whether it has jurisdiction, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098,

---

[2] Plaintiff also claims erroneously that the foreclosure sale of his property is prohibited by the Consent Orders issued in *United States v. Bank of America*, Civ. No. 12-361(RMC). Plaintiff alleges:
> Defendants have deliberately and with malice raced at break neck speed towards foreclosure and eviction of the Plaintiff from his home in absolute defiance of several provisions of the Consent Order signed by Judge Rosemary M. Collyer, and have acted as if they have powers to enforce the Note even though they have not proven their ownership interest in the Note and have not proven their possession of the original Note.

Compl. ¶ 3. Plaintiff was not a party in *United States v. Bank of America*, which dealt with mortgage servicing, origination, and certification in general and did not involve Plaintiff's mortgage or any other particular mortgage.

1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and statutory requirement. *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

Under the *Rooker-Feldman* abstention doctrine, the Court lacks jurisdiction to hear what amounts to the Plaintiff's challenge to decisions of California state courts regarding the foreclosure of real property located there. This doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), provides that a federal district court has no jurisdiction over actions which essentially seek "appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994); *see also Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (*Rooker-Feldman* prohibits federal courts from "hearing cases that amount to the functional equivalent of an appeal from a state court"). Federal district courts do not have the "authority to review final judgments of a state court in judicial proceedings," *Feldman*, 460 U.S. at 482, or to decide federal constitutional claims that are so "inextricably intertwined with the state court decision that the district court is in essence being called upon to review the state-court decision." *Id.* at 483.

In a case similar to the one at hand, *Tremel v. Bierman & Geesing, LLC*, 251 F. Supp. 2d 40 (D.D.C. 2003), the plaintiff was a mortgagor who challenged a state court's decision to ratify the foreclosure sale of his residence. He sought possession of his residence and damages, alleging a due process violation, fraud, and discrimination. *Tremel*, 251 F. Supp. 2d at

3

46 n.8. Since the plaintiff sought the equivalent of appellate review of state court rulings, the district court dismissed the suit for lack of jurisdiction under *Rooker-Feldman*. *Id*. at 45–46. Plaintiff here also asks the federal district court to review state court rulings. As in *Tremel*, this Court lacks jurisdiction to do so under *Rooker-Feldman*.

Accordingly, the Complaint will be dismissed for lack of jurisdiction and the motion for injunction will be denied as moot due to dismissal of the case. A memorializing Order accompanies this Opinion.

Date: March 10, 2014 /s/
ROSEMARY M. COLLYER
United States District Judge